GRAYROBINSON

Brian H. Bieber | Brian.Bieber@gray-robinson.com | **D** 305.913.0546
Alek Ubieta | Alek.Ubieta@gray-robinson.com | **D** 305.913.0541
333 SE 2nd Avenue, Suite 3200, Miami, Florida 33131 | **T** 305.416.6880 | **F** 305.416.6887

August 31, 2026

**By ECF**

The Honorable Nusrat J. Choudhury
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: United States v. Michael S. Jeffries, et al.**
**Criminal Docket No. 24-423 (NJC)**

Dear Judge Choudhury:

Defendant, Michael S. Jeffries ("Mr. Jeffries"), by and through undersigned counsel, submits this supplemental letter brief in support of his motion to maintain the three (3) recordings of his January 2026 joint competency re-evaluation conducted by Drs. Alexander Bardey, Cheryl Paradis, and Miranda Rosenberg under seal.

On May 28, 2026, Mr. Jeffries filed his Motion to Seal Audio Recordings of FMC Butner Telephone Calls and January 2026 Competency Re-Evaluation, and Incorporated Memorandum of Law (the "motion to seal"). (D.E. 106). On June 4, 2026, the Government filed its response to Mr. Jeffries' motion to seal. (D.E. 107). On August 20, 2026, the Court issued its Opinion and Order (the "Competency Order") finding Mr. Jeffries competent to stand trial under the standard articulated in Dusky v. United States, 362 U.S. 402 (1960). (D.E. 109). The Court unsealed all portions of the 109 recordings of Mr. Jeffries' telephone conversations captured during his custodial hospitalization at the Butner Federal Medical Center (the "Butner calls") as well as all portions of the three (3) audio recordings from Mr. Jeffries' 2026 competency re-evaluation that the Court cited in its Competency Order. See Competency Order at 10, fn.1. (D.E. 109). On August 25, 2026, the Court issued its Order denying Mr. Jeffries' motion to seal. (D.E. 110). However, the Court also invited Mr. Jeffries to submit additional authority for maintaining under seal any portions of the Butner calls or 2026 competency re-evaluation recordings that were not quoted in the Competency Order. See Order Denying Motion to Seal at 4. (D.E. 110).

The Court and parties are familiar with the framework for sealing judicial documents and materials, and thus Mr. Jeffries will not unnecessarily repeat it here.[1] Mr. Jeffries acknowledges and accepts the Court's reasoning for unsealing the portions of the recordings of both the Butner calls and 2026 competency re-evaluation that it cited in its Competency Order. To be clear, Mr. Jeffries never sought to have any portion of the parties' competency briefs that quoted the Butner calls or 2026 evaluation redacted. Similarly, Mr. Jeffries

[1] For an overview of the Second Circuit's sealing framework, see Defendant's Motion to Seal at 8–12. (D.E. 106).

does not object to the Court's references to these recordings in its Competency Order. Mr. Jeffries' primary concern with respect to the Butner calls and 2026 evaluation recordings is the unnecessary and avoidable prejudice that could result if the public was permitted to obtain digital copies of the audio files and thereafter distribute them across media outlets and the internet. In light of the Court's August 25, 2026 order denying his motion to seal, Mr. Jeffries does not present supplemental legal authority with respect to the Butner call recordings remaining sealed.

However, Mr. Jeffries does reassert that his significant privacy interest in keeping the 2026 competency re-evaluation recordings (which he maintains **are** personal medical records) confidential,[2] outweighs the public's right of access under the common law and First Amendment of the United States Constitution. Defendants have a recognized privacy interest in their medical records. See United States v. Sattar, 471 F. Supp. 2d 380, 387–89 (S.D.N.Y. 2006). The Second Circuit has supported a defendant's interest in privacy regarding intimate matters, holding that the common law right of access is qualified by recognition of the privacy interests of the persons whose intimate relations may thereby be disclosed. See United States v. Milken, 780 F. Supp. 123, 126 (S.D.N.Y. 1991) (internal citation and quotation omitted).

Mr. Jeffries recognizes that both he and the Government quoted the recordings of the 2026 competency re-evaluation in their unredacted, publicly filed memoranda of law on Mr. Jeffries' competency to stand trial, and that the Court did the same in its Competency Order. Mr. Jeffries is not asking the Court to seal or redact any of those documents, as he understands the need for transparency and respect for the public's qualified right of access. See Kewazinga Corp. v. Microsoft Corp., No. 1:18-cv-4500, 2021 WL 1222122, at *8 (S.D.N.Y. March 31, 2021) (reiterating that an adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny) (internal citation and quotation omitted).

Despite this, Mr. Jeffries submits that allowing the public to obtain digital copies of the 2026 competency re-evaluation recordings, which would inevitably lead to possible global distribution through the internet or social media, is a step too far. The public's right of access has already been satisfied by the parties' and the Court's public and unredacted written submissions concerning Mr. Jeffries' competency. See Mirlis v. Greer, 952 F.3d 51, 65 (2d Cir. 2020) (concluding that, under the common law, the fact "that the substance of the desired content is publicly available in some format…tends…to cut against the public interest in the release of the content in a different form…since the primary public interest—general availability of the relevant information—has already been served."); see also In re NBC Universal, Inc., 426 F. Supp. 2d 49 (E.D.N.Y. 2006) (explaining that the First Amendment values served by open proceedings require that citizens know what has transpired in the courtroom, not that they receive that information in its most dramatic form).

Indeed, the length and detail of the parties' memoranda of law, as well as the Court's Competency Order, leave no doubt as to the facts and legal grounds upon which Court made its decision with respect to Mr. Jeffries' fitness for trial. This is not a situation like the one described in Brown v. Maxwell, 929 F.3d 41 (2d Cir. 2019), where one-fifth of the docket had been sealed and the district court essentially ceded control of the sealing process to the parties. On the contrary, the competency proceedings sub judice have been extremely transparent—which is why Mr. Jeffries' request to simply prevent the 2026 competency evaluation recordings from being unsealed is a narrowly tailored solution to preserve his privacy interest. The public will still be able to review the parties' written competency briefs and the Court's Competency Order. Moreover, it is fair to say

[2] The recordings at issue were created as part of Mr. Jeffries' participation in a court-ordered, medical/psychological evaluation to assist in the determination of his competency to stand trial. It is logically impossible to classify these recordings as anything other than medical records.

that the parties and the Court each quoted the most relevant portions of the 2026 competency evaluation in their respective memoranda of law and the Competency Order.

The presumption of public access is based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice. Kewazinga Corp. v. Microsoft Corp., No. 1:18-cv-4500, 2021 WL 1222122, at *3 (S.D.N.Y. March 31, 2021) (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). Allowing the public an opportunity to access, copy, and distribute the audio recordings of Mr. Jeffries' entire 2026 competency evaluation serves no legitimate public purpose. Conversely, this would represent a substantial infringement on Mr. Jeffries' right to privacy in his medical records. Every court has supervisory power over its own records and files to ensure they are not used to gratify private spite or promote public scandal or serve as reservoirs of libelous statements for press consumption. See Brown, 929 F.3d at 51 (internal citation and quotation omitted). "This supervisory function is not only within a district court's power, but also among its responsibilities." Id. A criminal defendant who undergoes psychological and neurological evaluations as part of competency proceedings is no less entitled to maintain his personal medical/mental health records (which include recordings of those evaluations) confidential than any other citizen who is not presently alleged to have committed a crime.

As such, Mr. Jeffries, by and through undersigned counsel, respectfully requests that the Court enter an order precluding the digital audio recordings of his 2026 competency re-evaluation from being copied (and subsequently disseminated), and that the Court grant such other relief as is just and proper.

Respectfully submitted,

BRIAN H. BIEBER
ALEK UBIETA
Counsel for Defendant, Michael S. Jeffries
(305) 416-6880

cc: Clerk of the Court (NJC) (via ECF)
All Counsel of Record (via ECF and email)